LONGPRÉ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Sale with Curable Defects.

No. 297.—Decided March 13, 1917.

COMMUNITY PROPERTY—VALUABLE CONSIDERATION—PRESUMPTION.—When it does not appear from a deed of sale of real property acquired by one of the spouses for a valuable consideration that it was purchased with money proceeding from his private property, the presumption is that the property was purchased with community funds and it is therefore regarded as community property.

ID.—PURCHASE BY WIFE—CONSENT OF HUSBAND—CURABLE DEFECT.—A married woman cannot purchase real property for herself with money belonging to the conjugal partnership unless her husband, who is the manager of the partnership, consents to the purchase, and the failure of the husband to express such consent in the deed of sale is a curable defect affecting the title.

ID.—RECORD OF TITLE—BUILDING—CURABLE DEFECT.—While it is true that a building is an accessory of the land and belongs to the owner of the latter, the principal, when it is desired to record a building the deed should state how the same was acquired, and its failure to do so constitutes a curable defect.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public instrument executed on September 14, 1916, María Longpré y Benítez, wife of Ramón Aboy y Benítez, purchased a lot, with a house thereon, in the ward of Puerta

de Tierra of the city of San Juan, from Teresa Iglesias e Iglesias, widow of Agrait.

The deed was presented in the registry of property and recorded by the registrar with the curable defects that the husband of the purchaser was not shown to have accepted the contract of purchase and sale, and that the title of acqui-sition of the house was not shown therein.

The provision of article 61 of the Spanish Civil Code, which was in force in this Island, that without the permission or power of her husband a married woman could not acquire property for a good or valuable consideration, or alienate her property or bind herself, except in the cases and with the limitations established by law, was suppressed upon the adoption of the Revised Civil Code in 1902. This suppres-sion originates the issue between the parties to this appeal as to whether a married woman may now purchase real prop-erty for the conjugal partnership without the consent of the husband, since the respondent registrar held that the lack of such consent constitutes a curable defect. Both codes pro-vide that property acquired by either of the spouses for a valuable consideration at the expense of the common assets is community property, it being the private property of either of the spouses only when purchased with his or her sepa-rate funds, and unless it appears in the deed that it was pur-chased with her private funds, a property purchased by the wife is presumed to be community property and, therefore, purchased with community assets.

In addition to the prohibition contained in said article 61, which was suppressed, article 59 provides also that the husband is the manager of the property of the conjugal part-nership; article 62 provides that purchases of jewels, furni-ture and precious objects made by the wife without the per-mission of the husband shall only be valid when the latter may have consented to her use and enjoyment thereof; arti-cle 1412 repeats that the husband is the manager of the con-jugal partnership, and article 1416 prescribes that the wife

can not bind the property of the conjugal partnership with-
out the consent of the husband. This last article is not in-
cluded in our present code, but article 1416 is re-enacted un-
der section 1327; article 62 was also suppressed, but its pro-
visions were substantially reproduced in section 159, which
after providing as in said article 59 that the husband is the
manager of the conjugal property, adds that purchases made
by the wife out of the conjugal property shall be valid when
the said purchases comprise things or articles for the use of
the family, in accordance with their social position.

In view of the foregoing, let us now consider whether
the appellant requires the consent of her husband, who is
the manager of the conjugal partnership property, to make
purchases with the common funds. If so, the registrar was
justified in assigning the lack of such consent as a curable
defect.

As we have seen, after providing that the husband is the
manager of the conjugal partnership property, the code now
in force recognizes the validity of purchases made by the
wife out of the common assets when they comprise things
for the use of the family, in accordance with its social posi-
tion, from which it must naturally be deduced that purchases
of any other kind are invalid under the rule of law, *expres-
sio unius est exclusio alterius;* for to hold the contrary, or
that the wife may purchase things which are not for the use
of the family out of the community assets, would be to erase
that section from the code, and, contrary to its provisions,
give validity to any purchase which she may make when the
law recognizes its validity in that case only. The validity
which the law gives to purchases made by a married woman
in that single case is the only exception to the statutory rights
of the husband as manager of the conjugal partnership,
the property of which he is required by law to control and
without whose consent the wife can make no purchases out

of the common assets. Nor can it be maintained that the suppression of articles 61 and 1416 of the former code avoided the necessity of such consent, for section 159 of the present code allows the wife to dispose of the conjugal assets only in the case mentioned. The lack of capacity in a married woman to dispose of the conjugal assets without the consent of her husband is a consequence of the character of manager which the law gave and now gives to the husband and does not originate in the prohibition prescribed in said article 61, which referred to her incapacity to contract even as to her own property without the permission of her husband, a prohibition which no longer binds the wife as to such property. Our opinion is corroborated by the provisions of section 161 of the present code, which allows a married woman to contract and appear in court in all cases referring to the defense of her own rights and property, showing that she cannot contract for herself when the property is not her own, as in the case of community assets.

In view of the foregoing, the wife in the present case had no right to purchase real property for herself with the community assets, and since the husband, the lawful manager thereof, did not consent to such purchase, the registrar was justified in assigning the lack of such consent as a curable defect, inasmuch as it can be corrected.

In the case of *Giménez* v. *Registrar*, 21 P. R. R. 314, which is cited by the appellant in support of her contention that this court should reverse the decision of the registrar, this question was not given great consideration because that case was decided principally on another ground.

As to the second defect assigned by the registrar, we are also of the opinion that his ruling should be sustained, for although the building is accessory to the land and belongs to the owner of the same, the origin of the title of acquisition of the building should be shown in the deed when it is sought to be recorded.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justice del Toro concurred.
Mr. Justice Wolf concurred in the judgment.
Mr. Justice Hutchison dissented.